PeerStreet\15 Humbboldt St - 15 Humboldt LLC\Humboldt Bankruptcy\Motion for Relief from Stay - Motion

**CHARTWELL LAW**
One Battery Park Plaza, Suite 701
New York, NY 10004-1445
Telephone: (212) 968-2300
Matthew Burrows (NY ID 4861523)
John J. Winter (*Pro Hac Vice*)
Telephone: (212) 968-2300
*(Attorneys for PS Funding, Inc.)*

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** | Hearing Date: 11-1-23, 10:00 a.m. |
| **EASTERN DISTRICT OF NEW YORK (Brooklyn)** | Objections Due: 10-25-23, 5:00 p.m. |

In re:                                                        )    Chapter 11
**15 HUMBOLDT LLC,**                          )    Case No. 1-23-42940-jmm
                  Debtor.         )
_____)
**PS FUNDING, INC.,**                              )
                  Movant,       )
             v.                                    )
**15 HUMBOLDT LLC,**                          )
                  Respondent. )
_____)

**MOTION, ALTERNATIVELY, FOR ADEQUATE PROTECTION, RELIEF
FROM THE AUTOMATIC STAY, TO PROHIBIT OR CONDITION USE OF
CASH COLLATERAL, OR DISMISSAL OF CASE, PURSUANT TO 11 U.S.C. §§105(a),
361(2), 362(d)(1), 362(d)(2), 363(a), (c)(2) AND (e), AND 1112(b),
<u>FILED ON BEHALF OF PS FUNDING, INC.</u>**

TO:    THE HONORABLE JIL MAZER-MARINO
         UNITED STATES BANKRUPTCY JUDGE:

ALL E-FILERS

**PS Funding, Inc. ("PSF", or "Movant")**, a secured creditor of the above-captioned debtor and party in interest herein, by and through its undersigned attorneys, Chartwell Law, hereby moves for the entry of an Order or Orders, Alternatively for Adequate Protection, Relief from the Automatic Stay, to Prohibit or Condition Use of Cash Collateral, or Dismissal of Case, Pursuant to 11 U.S.C. §§105(a), 361(2), 362(d)(1), 362(d)(2), 363(a), (c)(2) and (e), and 1112(b) (the "Motion").

## I. PARTIES, JURISDICTION AND VENUE.

1. PSF is a Delaware corporation, and maintains a place of business or other address for purposes of notices and service of papers located at 2121 Park Place, Suite 250, El Segundo, CA 90245.

2. The above-captioned debtor, 15 Humboldt LLC ("Humboldt", or the "Debtor"), is a corporation, with its principal place of business purportedly located at Park Avenue Management, 866 Dahill Road, Suite 503, Brooklyn, NY 11204.

3. On August 17, 2023 (the "Petition Date"), David Kenner, as a purported "manager" of the Debtor, filed on the Debtor's behalf a voluntary *pro se* petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the Eastern District of New York, Brooklyn Division, which was docketed at Case No. 1-23-42940-jmm (the "Petition", D.I. No. 1), resulting in the above-captioned case (the "Bankruptcy Case").

4. The Court has jurisdiction to entertain this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

5. This Motion is a "core proceeding" pursuant to 28 U.S.C. §157(b)(2)(A), (G), (M) and (O).

6. This Motion is brought pursuant to 11 U.S.C. §§105(a), 361(2), 362(d)(1), 362(d)(2), 363(a), (c)(2) and (e), and 1112(b), and Federal Rules of Bankruptcy Procedure 4001(a) and 9014.

## II. SUMMARY OF ARGUMENTS.

7. As set forth more fully below:

   7.1. The Petition asserts that the Debtor maintains a place of business c/o Park

Avenue Management, 866 Dahill Road, Suite 503, Brooklyn, NY 11204, and owns real property located at 15 Humboldt St., Brooklyn, NY 11206 (the "Property"). Petition, D.I. No. 1.

7.2. The Property is worth less than the amount owed PSF's first Mortgage to PSF, and PSF's interests therein are not being adequately protected.

7.3. Debtor filed its Petition in bad faith, for the sole purpose of hindering and delaying PSF in the exercise of its available rights and remedies under its loan documents for the Loan, specifically the holding of a Referee's Auction of the Property on August 17, 2023. Accordingly, relief from the automatic stay arising under 11 U.S.C. §362(a) is appropriate pursuant to 11 U.S.C. §362(d)(1).

7.4. There are no prospects for the Debtor's successful reorganization within a reasonable period of time, and, therefore, the Property cannot be necessary for the Debtor's effective reorganization. Accordingly, relief from the automatic stay arising under 11 U.S.C. §362(a) is appropriate pursuant to 11 U.S.C. §362(d)(2).

7.5. To the extent this case continues as a chapter 11 case, and PSF is denied relief from the automatic stay, it is entitled to adequate protection of its interests in the Property pursuant to 11 U.S.C. §361(2), and the Debtor may not use any cash collateral generated by the Property without providing Movant with adequate protection pursuant to 11 U.S.C. §363(c)(2) and (e).

7.6. Due to the facts that Petition was filed in bad faith, dismissal of the case pursuant to 11 U.S.C. §1112(b) is warranted.

### III. **BACKGROUND.**

#### A. **Movant's Loan.**

8.  As set forth in the supporting Declaration of Warren Green filed herewith (the "Green Declaration"), on August 23, 2019, pursuant to a "Loan Agreement" dated August 23, 2019 (the "Loan Agreement"), 15 Humboldt LLC, a New York limited liability company ("Humboldt", or "Borrower), borrowed the principal amount of $1,800,000.00 to consolidate two prior mortgage loans and secure an additional advance of $30,000.00 (the "Loan") from Gudz Solutions LLC, a New Jersey limited liability company ("Gudz", or "Lender"). Green Declaration, ¶ 3. A true and correct copy of the Loan Agreement is attached to the Green Declaration as Exhibit "A" and is incorporated herein by reference.

9.  As evidence of its obligation to repay the Consolidation Loan, Borrower executed and delivered to Lender its "Consolidated, Amended and Restated Note" dated August 23, 2019, in the original principal amount of $1,800,000.00 (the "Note"). Green Declaration, ¶ 4. A true and correct copy of the Blue Note is attached to the Declaration as Exhibit "B" and is incorporated herein by reference.

10. The Note provided for the accrual of interest on the principal balance at the rate of 8.5 % *per annum*, a one (1) year term, and a maturity date of March 1, 2021, and required regular monthly payments of interest on the first day of each month, beginning with the first payment due on October 1, 2019, each in the amount of $12,750.00, and a final payment of all outstanding principal, accrued interest, fees and costs on March 1, 2021. The Note also provided for a late charge of 10.0 % of each payment not received within 10 calendar days of its due date, and a default rate of interest at the lesser of 16.0 % *per annum* or the maximum rate allowable by law. Green Declaration, ¶ 5.

11.     By Allonge dated August 23, 2021, Lender assigned the Loan and Note to PS Funding, Inc., a Delaware corporation ("PSF", and the "Allonge").  Green Declaration, ¶ 6. A true and correct copy of the Allonge is attached to the Green Declaration as Exhibit "C" and is incorporated herein by reference.

12.     To secure its obligations under the Loan Agreement and Note, Humboldt executed and delivered to Lender a "Consolidated, Amended and Restated Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing", dated August 23, 2019, in the original principal amount of $1,800,000.00, against its real property consisting of an 8-unit apartment building, located at 15 Humboldt St., Brooklyn, NY 11206 (Kings County, Block 3127, Lot 24) (the "Property"), which was duly recorded in the Office of the City Register of the City of New York on September 9, 2021 at CRFN 2019000288796, Bk Pg  (the "Mortgage"). By operation of the Mortgage, Humboldt granted Lender a security interest in and lien upon all rents, issues and profits generated by the Property (the "Cash Collateral").  Green Declaration, ¶ 7.  A true and correct copy of the Mortgage is attached to the Green Declaration as Exhibit "D" and is incorporated herein by reference.

13.     By Assignment of Mortgage effective as of August 23, 2019, Lender assigned the Mortgage to PS Funding, Inc., which was recorded on August 30, 2019, at 17:52 a.m., at CRFN 2019000280218 (the "Mortgage Assignment").  Green Declaration, ¶ 8.  A true and correct copy of the Mortgage Assignment is attached to the Green Declaration as Exhibit "E" and is incorporated herein by reference.

14.     As additional security for Humboldt's obligations under the Loan Agreement, Note and Mortgage, Yoel Goldman, an adult individual ("Goldman", or "Guarantor") executed and delivered to Lender an "Unlimited Guaranty Agreement" dated August 23, 2019, in the

5

original principal amount of $1,800,000.00 (the "Goldman Guaranty").  Green Declaration, ¶ 9. A true and correct copy of the Goldman Guaranty is attached to the Green Declaration as Exhibit "F" and is incorporated herein by reference.

15. As of April 5, 2021, the Loan was in default for Humboldt's and Goldman's failure to timely pay the Loan in full, when it naturally matured according to its terms, without acceleration, on March 1, 2021, and otherwise to make all of the required monthly interest payments, from and including the payment that came due on December 1, 2020, and arrearages totaled $118,570.00 (including missed installment payments of $111,950.00, late charges of $6,375.00, and unpaid charges of $245.00).  Green Declaration, ¶ 10.

16. As a consequence of the payments being missed, the default rate of interest, 16.0 % *per annum*, took effect on December 1, 2020, the regular monthly payments increased to $24,000.00/each beginning with the payment coming due on January 1, 2021.  No payments against the Loan have been received by PSF from any source since the Maturity Date.  Green Declaration, ¶ 11.

### B. The Foreclosure.

17. Prior to filing a complaint in mortgage foreclosure, PSF obtained a foreclosure title search report from Stewart Title Insurance Company dated March 19, 2021 (the "Title Report") confirming Humboldt's record ownership of the Property and indicating the existence of the Mortgage (the "Title Report"). Green Declaration, ¶ 12. A true and correct copy of the Title Report is attached to the Green Declaration as Exhibit "G" and is incorporated herein by reference.

18. PSF thereafter filed a Complaint in Mortgage Foreclosure against Humboldt,

Goldman and unknown tenants, in the Supreme Court of New York in and for Kings County, on June 15, 2021 at Index No. 514416/2021 (the "Foreclosure Complaint"), together with a Notice of Pendency. After service was complete, PSF filed a Motion for Default Judgment on September 9, 2021, and an Order of Reference and Default Judgment was entered on June 8, 2022. PSF filed a Motion to Confirm Referee Report and for Judgment of Foreclosure and Sale which was granted by Order entered April 18, 2023 (the "Foreclosure Judgment"). Thereupon, a Referee's auction of the Property was scheduled for August 17, 2023 (the "Auction"). Green Declaration, ¶ 13. A true and correct copy of the Foreclosure Judgment is attached to the Green Declaration as Exhibit "H" and is incorporated herein by reference.

19. PSF believes and avers that Humboldt's Petition was filed the day of the Auction, just to stay its proceeding. Green Declaration, ¶ 14.

### C. The Bankruptcy Case.

20. Schedule A/B filed September 19, 2023 (D.I. No. 22), indicates the Debtor's only asset to be the real property located at 15 Humboldt Street, Brooklyn, NY, value to be determined, but has listed no personal property whatsoever. Schedule D of secured creditors lists only PS Funding's claim in the amount of $2,394,423 (PSF's first mortgage). Petition, D.I. No. 1. Green Declaration, ¶ 15.

21. Schedule E of unsecured creditors lists: the NYC Department of Finance as a priority creditor, in an amount to be determined; My 2015 LLC, owed $852,899; Avi Rosengarten, in an amount to be determined; Ryan Bartlett' tenant claim in an amount to be determined; Dylan Brown, owed $171,170 per judgment; Harold Friedman's loan of $100,000; Park Avenue Management, owed $142,474; and Jack Newton, owed $171,170 *(judgment?)*.

Schedule G addresses the Debtor's executory contracts and unexpired leases, and indicates that there are none. The List of 20 largest unsecured creditors lists five creditors: My 2015 LLC, owed $852,899; Dylan Brown, owed $171,170; Jack Newton, owed $171,170; Park Avenue Management, owed $142,474; and Harold Friedman, owed $100,000. Green Declaration, ¶ 16.

22. PSF believes and avers that Bramble's Petition was filed solely for purposes of hindering and delaying Movant in the exercise of its available rights and remedies under the Loan Documents and applicable state law, and the Referee's auction of the Blue Rock Property on March 28, 2023. Accordingly, relief from the automatic stay arising under 11 U.S.C. §362(a) is appropriate pursuant to 11 U.S.C. §362(d)(1). Green Declaration, ¶ 17.

23. As of the Petition Date, the following sums were due and owing under the Loan Documents:

| | |
|---|---:|
| Principal: | $1,800,000.00 |
| Note Rate Interest from 11/1/2020 to 8/9/2023 at 7.50 % *per annum*: | 424,575.00 |
| Default Rate Interest from 12/1/2020 to 8/9/2023 at 7.50% *per annum*: | 363,375.00 |
| Late Fees Due from Paid-to-Date: | 1,275.00 |
| Late Fees Due/Unpaid from Previous Payments: | 5,200.00 |
| Unpaid Loan Charges or Advances: | 157,015.00 |
| Estimated Payoff Charges from Servicer: | 162.00 |
| Suspense Balance: | ( 100,000.00) |
| **TOTAL PAYOFF:** | **$2,651,502.44** |

Plus additional daily interest accruing after 8/9/20232 at the rate of 16.0 % *per annum*, or $805.79 *per diem*, and such additional fees and costs, including, without limitation, attorney's fees and costs, as are incurred and allowed by the terms of the loan documents and applicable law.

Green Declaration, ¶ 18.

24. Per broker's price opinion dated October, 2022, by Jones Realty Investment Solutions, the Property was valued as having a fair market value of $2,875,000, and a liquidation

8

value of $2,550,000 as of October 11 2022, based on four (4) comparable sales (the "BPO"). Green Declaration, ¶ 19. A true and correct copy of the BPO is attached to the Green Declaration as Exhibit "I" and is incorporated herein by reference.

25. The foregoing BPO indicates that the Property has a fair market value of only $2,850,000, and the Title Report indicates that it is subject not just to PSF's Mortgage, but junior judgments. Humboldt has no equity in the Property. Green Declaration, ¶ 20.

26. Humboldt is not known to be carrying any property, casualty and liability insurance on the Property, and PSF has been compelled to obtain its own, "force-placed" insurance on the Property in order to protect its security interests therein. Green Declaration, ¶ 21.

### IV.  RELIEF REQUESTED.

#### A. Motion for Adequate Protection Pursuant to 11 U.S.C. § 361(2).

27. Paragraphs 1 through 26 above are incorporated herein by reference.

28. PSF's secured claims continue to accrue interest at the rate of sixteen (16.0 %) *per annum*, or $805.79 *per diem*, and the only way to adequately protect PSF's interests in the Property would be for Humboldt to immediately commence making regular monthly payments to PSF in such amount, and maintaining insurance coverage and providing such proof of insurance on the Property as is required under the Loan Documents, and specifically identifying PSF as the mortgagee and lender-loss payee.

29. Such adequate protection payments and proof of current insurance should be made an express condition precedent to any continuation of the automatic stay, or to the Debtor's use of Cash Collateral genereated by the Property.

**WHEREFORE**, PS Funding, Inc. respectfully requests that this Honorable Court enter an Order or Orders directing the Debtor to immediately commence making regular monthly payments to PS Funding, Inc. by way of adequate protection, in an amount equal to the monthly interest accruing on the principal balance of the Note and Mortgage at the rate of interest of sixteen percent (16.0 %) *per annum*, or $805.79 *per diem*, and providing proof of current insurance on the Property reflecting PS Funding, Inc. as mortgagee and lender-loss payee, and conditioning any continuation of the automatic stay and/or the Debtor's use of cash collateral upon the provision of such adequate protection.

### B. Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. §362(d)(1), (d)(2).

30. Paragraphs 1 through 29 above are incorporated herein by reference.

31. The Loan fully matured on March 1, 2021, without acceleration, and no payments have been received by PSF from any source since then.

32. Humboldt has not offered to provide adequate protection of the Movant's security interests and liens in the Property and Cash Collateral.

33. Whatever interest in the Property Humboldt has, and PSF's security interests therein Mortgage, are not being adequately protected, because the value of the Property is subject to continued erosion by accruals of interest and taxes.

34. For the foregoing reasons, cause exists under 11 U.S.C. §362(d)(1) for granting relief from the automatic stay, including not just a lack of adequate protection, but the facts that the Petition was filed in bad faith, without any intent to reorganize, for the sole purpose of delaying PSF's Referee's auction of the Property.

35. Cause also exists for granting relief from the automatic stay under 11 U.S.C.

§362(d)(2) to the extent that there are no prospects for the Debtor's successful reorganization within a reasonable period of time, the Property cannot be necessary for the Debtor's reorganization.

36.     The grounds referred to above constitute sufficient cause for lifting the automatic stay to permit PSF to proceed with enforcement of its rights and remedies under its Loan Documents and applicable law, including, without limitation, the holding and consummation of the Referee's auction of the Property, and application by PSF of any proceeds received against the Loan balances.

**WHEREFORE**, PS Funding, Inc. respectfully requests that this Honorable Court enter an Order or Orders granting relief from the automatic stay, so as to enable it to proceed with the exercise of its available rights and remedies under the Loan Documents, including, without limitation, continuing the Referee's auction of the Property, and applying any proceeds received against the Loan balances due.

### C.  Motion to Prohibit or Condition Use of Cash Collateral and/or for Adequate Protection Pursuant to 11 U.S.C. §363(c)(2) and (e).

37.     Paragraphs 1 through 36 above are incorporated herein by reference.

38.     To the extent that the Debtor conducts business operations at the Property, any rents collected from tenants of the Property constitute PSF's "cash collateral" as defined in 11 U.S.C. §363(a) ("Cash Collateral").

39.     Pursuant to 11 U.S.C. §363(c)(2), Debtor cannot use PSF's Cash Collateral without its consent, or authorization from the Court, which, in turn, entitles PSF to adequate protection of its interests therein pursuant to 11 U.S.C. §363(e).

40.     PSF does not consent to the Debtor's use of Cash Collateral.

**WHEREFORE**, PS Funding, Inc. respectfully requests that this Honorable Court enter an Order or Orders prohibiting the Debtor from using Cash Collateral, without providing adequate protection of PS Funding, Inc.'s interests therein.

### D. Motion for Dismissal of Case Pursuant to 11 U.S.C. §1112(b).

41.     Paragraphs 1 through 40 above are incorporated herein by reference.

42.     The Petition was filed in bad faith, and solely to hinder or delay Movant in the exercise of its rights and remedies under the Loan Documents and applicable state law.

43.     Permitting the Bankruptcy Case to continue would result in continuing loss to or diminution of the Debtor's estate, and there is no reasonable likelihood of the Debtor's reorganization or any distribution to its unsecured creditors, if any. It would also result in unreasonable delay prejudicial to the Debtor's creditors.

44.     For the foregoing reasons, "cause" exists under 11 U.S.C. §1112(b) for dismissal of this Bankruptcy Case.

**WHEREFORE**, PS Funding, Inc. respectfully requests that this Honorable Court enter an Order or Orders dismissing the Debtor's Bankruptcy Case for cause.

**FURTHERMORE,** PS Funding, Inc. respectfully requests that the Court enter an Order or Orders granting such other and further relief as is just and proper under the circumstances.

### NOTICE

45.     Notice of this Motion will be provided by facsimile, electronic transmission or mail delivery (except as otherwise noted) to (a) the Debtor, and (b) the United States Trustee for the Eastern District of New York. In light of the nature of the relief requested herein, PSF

submits that no other or further notice need be given and that the notice provided by PSF is sufficient.

## NO PRIOR REQUEST

46. No prior request for the relief sought in this Motion has been made to this or any other court in connection with this chapter 11 case.

Respectfully submitted,

**CHARTWELL LAW**

Dated: New York, NY
October 16, 2023

By: *Matthew Burrows*
Matthew Burrows, Esquire (NY ID 4861523)
One Battery Park Plaza, Suite 701
New York, NY 10004-1445
Telephone: (212) 968-2300
e-mail: mburrows@chartwelllaw.com
    and
John J. Winter, Esquire (*Pro Hac Vice*)
970 Rittenhouse Road, Suite 300
Eagleville, PA 19403
Telephone: (610) 666-8437
Telecopier: (610) 666-7704
e-mail: jwinter@chartwelllaw.com

*(Attorneys for PS Funding, Inc.)*